IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JARROD PHILLIPS, | ) | 8:16CV554 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| SCOTT FRAKES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff filed his Complaint (Filing No. 1) on December 12, 2016, and was granted leave to proceed in forma pauperis on January 23, 2017 (Filing No. 7). The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff's Complaint, which is in the form of a letter to the court, indicates that Plaintiff struck a prison worker, Randy Bradley, because Bradley had been bullying Plaintiff and other prisoners; that Bradley struck back after Plaintiff was handcuffed by two officers; and that after Bradley was restrained by additional officers he broke free and again started hitting Plaintiff. Plaintiff accuses various prison officials of covering up the incident and of conspiring with prosecutors to prevent criminal charges being filed against Bradley for assault and against a State Patrol investigator for obstruction of justice. There is no request for relief.

## II.  LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a

governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construing the Complaint, it appears Plaintiff is attempting to allege one or more federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

-2-

### III.  DISCUSSION OF CLAIMS

The court is unable to tell from the Complaint who Plaintiff intends to sue or what relief he expects to receive. The date of the incident is not stated, nor can it be determined how or when the alleged conspiracies took place. Plaintiff contends he attempted to exhaust administrative remedies, and that his grievances were destroyed by officers involved in the incident, but no factual details are provided. As pleaded, the Complaint fails to state a plausible claim for relief.

On its own motion, the court will give Plaintiff 30 days to file an Amended Complain using a standard form that will be provided to him by the clerk of the court. Among other things, the form will require Plaintiff to identify the defendants, to set forth the facts of each claim against the defendants, to describe any injuries sustained, to state the relief Plaintiff requests, and to detail his efforts to exhaust administrative remedies. If an Amended Complaint is not timely filed, the action will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. On the court's own motion, the court will give Plaintiff 30 days in which to file an Amended Complaint using a standard form Complaint for Violation of Civil Rights (Prisoner).  Plaintiff's failure to file an Amended Complaint within 30 days will result in the court dismissing this case without further notice to Plaintiff.

2. The clerk of the court is direct to provide Plaintiff a copy of a standard form Complaint for Violation of Civil Rights (Prisoner) when mailing him a copy of this Memorandum and Order.

3. The clerk of the court is directed to set the following pro se case management deadline: April 6, 2017: check for amended complaint.

DATED this 7th day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge