IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JARROD PHILLIPS, | ) | 8:16CV554 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| SCOTT FRAKES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Jarrod Phillips, filed his Complaint on December 12, 2016 (Filing No. 1), and was granted leave to proceed in forma pauperis on January 23, 2017 (Filing No. 7). The court conducted an initial review of the Complaint and entered a Memorandum and Order on March 7, 2017, finding that no plausible claim for relief was stated; however, on its own motion, the court granted Phillips leave to amend (Filing No. 12). Phillips filed an Amended Complaint on March 17, 2017 (Filing No. 14). The court now conducts an initial review of the Amended Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF AMENDED COMPLAINT

Phillips, an inmate the Nebraska State Penitentiary ("NSP"), alleges that on March 29, 2016, he was provoked into attacking a caseworker, Defendant Randy Bradley. Phillips alleges he was in a closed-door meeting with another caseworker, Russell Schuster (not named as a defendant), when Bradley entered the room and began insulting Phillips; after Phillips responded, Bradley yelled at him to leave; Phillips left but returned after a few minutes to apologize to Schuster for using "dirty language" in responding to Bradley; he discovered Bradley was still in the office; Bradley started laughing at Phillips, which made Phillips angry enough to strike Bradley, "leaving him uncons[ci]ous on the floor"; Phillips placed his hands behind his back and faced the wall while Schuster took out his mace gun and pointed it at

Phillips' head; Bradley then regained consciousness and ordered Phillips to sit down in a chair he tossed across the room; Phillips told Bradley to "fuck off" because he was in Schuster's custody; Bradley radioed an emergency call for help and two officers, Defendant Michael Reeves and Jacob Korbel (not named as a defendant), arrived within seconds; Korbel pressed Phillips into the wall and handcuffed him; while in this position with the mace gun still pointed his head, Phillips heard Bradley scream "I['ll] get you" and saw him "lunge over the table and swing a closed fist punch at [Phillips'] head," not making contact; "Cpl. Kramer" (not named as a defendant) and several officers, including Defendant Reeves, arrived at this time and restrained Bradley; but when Korbel and Reeves tried to escort Phillips out of the office, Bradley broke free, "yelled I'll kill you and swung a close[d] fist at [Phillips'] face," but again failed to make contact; "Cpl. Kramer and other officer[s] again restrained Bradley in the nick of time"; finally, Phillips was escorted to holding and eventually placed in segregation.

Phillips complains he was disciplined and charged with criminal assault while Bradley was not disciplined or charged, even though Bradley allegedly was involved in "multiple other physical altercations before and after the one with [Phillips]" and "was known for his mistreatment of many inmates." Phillips claims the disciplinary action that was taken against him, including loss of good-time credits and placement in segregation, and the criminal charge that was filed by Defendant James Rocke, a deputy county attorney, resulted from a false report of the incident that was prepared by Defendant Reeves and from the failure of Defendant John Chavez, a state prison investigator, to question witnesses about the incident. Phillips additionally claims other prison officials were involved in covering up the alleged assault by Bradley and incident and in encouraging the criminal prosecution of Phillips.

Phillips alleges Defendant Reeves falsely reported that Phillips struggled while being handcuffed and "was try[ing] to move aggressively toward Randy Bradley"; this report was read during a "prison court" hearing on April 4, 2016, which resulted in 2 years being added to Phillips' sentence and "indefinite solitary confinement." Phillips

alleges Defendant Chavez contacted him two hours after the hearing and was made aware that Bradley assaulted Phillips after being knocked out by Phillips; Phillips asked Chavez to interview four witnesses, but he only talked to Cpl. Kramer, who allegedly verified Phillips' claim. Phillips alleges no response was made to several inmate request forms and written grievances he submitted between April and July 2016 in which he asserted that Bradley had assaulted him, and he complains that later grievances, submitted between August and December 2016, were denied for various procedural reasons.

In addition to claims made against Defendants Bradley, Reeves, Rocke, and Chavez, Phillips claims that:

- Defendant Scott Frakes, Director of Prisons, was instrumental in having criminal charges filed against Phillips and then, after criminal charges were dismissed without prejudice in October 2016 pending an investigation into the behavior of NSP staff, had him transferred to the Tecumseh prison; Phillips was returned to NSP in December 2016 after this lawsuit was filed.

- Defendant Diane Sabatke Rhine, Deputy Director, acting under Defendant Frakes' orders, tried to discredit Phillips and help corrections officers avoid criminal prosecution for assault, false reporting, and obstruction of justice.

- Defendant Michael Rothwell, Deputy Director, also tried to discredit Phillips and help corrections officers avoid prosecution.

- Defendant Rich Cruishank, Warden of NSP, assisted Defendant Frakes in transferring Phillips to Tecumseh prevent him from providing evidence during the investigation into NSP staff.

- Defendant Brad Hanson, Warden of Tecumseh, conspired with Defendants Frakes and Cruishank regarding the transfer and then tampered with Phillips' medication.

- Defendant Capt. Brittenham at NSP conducted an investigation into Phillips' complaints but closed the investigation after discovering evidence that Phillips "was the victim of multiple crimes by multiple officers."

- Defendant Capt. Freezy at NSP conducted an investigation at the direction of Defendant Cruishank, but closed the investigation after discovering evidence that supported Phillips.

- Defendant Trevor Klaassen, personnel investigator for Nebraska Department of Corrections, failed to investigate Phillips' complaints for 7 months until being ordered to do so by Defendant Sabatke-Rhine.

Phillips seeks to recover damages from all Defendants, and, in addition, requests that Defendants Bradley, Reeves, and Chavez be prosecuted and their employment terminated, that Phillips' good-time credits be restored, and that he be transferred to a "community work release prison."

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construing the Amended Complaint, it appears Phillips is attempting to allege federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION

Section 803(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.A. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or

-5-

particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). However, "[a] prisoner need not exhaust remedies if they are not 'available.'" *Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id.* at 1859 (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). It is not clear whether Phillips has exhausted his administrative remedies with respect to any claim, but even assuming that he has, the facts alleged in the Amended Complaint fail to state a claim upon which relief can be granted.

Phillips raises an Eighth Amendment excessive force claim against Defendant Bradley. "It is well established that a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010), (internal quotations omitted). However, "'not ... every malevolent touch by a prison guard gives rise to a federal cause of action,' a *de minimis* application of force will not give result in a constitutional violation." *Id.* (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)); *see also Wilkins v. Gaddy*, 130 S.Ct. 1177-78 (2010) ("An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim." (internal quotation marks omitted)). Where the force applied is excessive, however, a constitutional claim may survive summary dismissal even if the resulting injury is *de minimis*. *Wilkins*, 130 S.Ct. at 1180.

Here, Phillips did not sustain any physical injury and the alleged assault upon his person by Defendant Bradley did not involve any physical contact. To the extent Phillips may claim to have suffered emotional distress or mental anguish because of Bradley's alleged threatening behavior or hostile actions, the claim is foreclosed by the PLRA, which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the

commission of a sexual act ...." 42 U.S.C. § 1997e(e); *see Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) ("[W]e read section 1997e(e) as limiting recovery for mental or emotional injury in all federal actions brought by prisoners."). In short, Phillips cannot maintain a § 1983 action for the alleged assault by Defendant Bradley.

Phillips also asserts a substantive due process claim regarding the disciplinary action that was taken against him, as he alleges that Defendant Reeves filed a false report and that Defendant Chavez did not conduct a proper investigation.[1] Because Phillips "challenges prison disciplinary matters where the loss of good time credits was involved, he is precluded from filing an action under 42 U.S.C. § 1983 until the conclusion of a successful habeas action on those matters, which has not been alleged here." *Owens v. Isaac*, No. C06-16 EJM, 2008 WL 5129503, at *1-2 (N.D. Iowa Dec. 5, 2008), *aff'd*, 324 F. App'x 539 (8th Cir. 2009) (citing *Heck v. Humphrey,* 512 U.S. 477, 486-487 (1994)); *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (prisoner's claim for damages and declaratory relief "based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."). The appropriate vehicle for seeking the restoration of good-time credits is a petition for a writ of habeas corpus under 28 U.S.C. § 2254, which requires prior exhaustion of any available state remedies. *See Sherrod v. Nebraska*, No. 4:07CV3216, 2007 WL 2903004, at *1 (D. Neb. Oct. 4, 2007) (citing cases). Phillips therefore cannot obtain any relief in the present action with respect to the disciplinary actions.[2]

---

[1] "Only in the rare situation when the state action is 'truly egregious and extraordinary' will a substantive due process claim arise." *Strutton v. Meade*, 668 F.3d 549, 557 (8th Cir. 2012). "Substantive due process 'is concerned with violations of personal rights ... so severe ... so disproportionate to the need presented, and ... so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to brutal and inhumane abuse of official power....'" *Golden ex rel. Balch v. Anders*, 324 F.3d 650, 652-53 (8th Cir. 2003) (alterations in original).

[2] In any event, the facts alleged in the Amended Complaint establish that Phillips attacked Bradley, which is the reason Phillips was disciplined. Defendant Reeves' alleged misrepresentations about Phillips subsequently resisting handcuffing

Regarding the filing of a criminal assault charge against Phillips, Defendant Rocke has absolute immunity as a deputy county attorney. *See Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) ("Prosecutors enjoy absolute immunity in their review of and decisions to charge a violation of the law."). Phillips claims other Defendants conspired with Rocke or took actions that resulted in the filing of the criminal assault charge, but the case was dismissed and Phillips has not suffered any damages. *See Rodgers v. Knight*, 781 F.3d 932, 939 (8th Cir.), *cert. denied*, 136 S. Ct. 232 (2015) (§ 1983 malicious prosecution claim against police officers based on filing of concealed weapons charge was properly dismissed where plaintiff could not show any damages because he was not tried on that charge).

In any event, the allegations of the Amended Complaint establish there was probable cause for charging Phillips with criminal assault after he knocked Defendant Bradley unconscious. *See id.* (officers entitled to qualified immunity on malicious prosecution claim where criminal charges were supported by probable cause). The applicable statute provides that "[a]ny person (a) who is legally confined in a jail or an adult correctional or penal institution, ... and (b) who intentionally, knowingly, or recklessly causes bodily injury to another person shall be guilty of a Class IIIA felony, ...." Neb. Rev. Stat.§ 28-932(1).[3]

---

and being aggressive toward Bradley are not alleged to have resulted in an enhanced penalty. Defendant Chavez's alleged failure to interview witnesses likewise appears immaterial. "False evidence or evidence derived from a reckless investigation only violates a criminal defendants' due process rights if it is used to deprive the defendant of her liberty in some way." *Winslow v. Smith*, 696 F.3d 716, 735 (8th Cir. 2012) (internal quotation marks and citation omitted).

[3] The court takes judicial notice of the information filed in *State v. Jarrod D. Phillips*, Lancaster County District Court Case No. CR16-1356, which is publicly available at https://www.nebraska.gov/justice/case.cgi.

The Eighth Circuit has also held that an allegation of malicious prosecution without more cannot sustain a civil rights claim under § 1983. *Joseph v. Allen*, 712 F.3d 1222, 1228 (8th Cir. 2013); *Kurtz v. City of Shrewsbury,* 245 F.3d 753 (8th Cir. 2001). Phillips does not allege that he was charged with criminal assault in retaliation for complaining about Phillips, but even if he were to make such an allegation, the claim would fail because the criminal charge was supported by probable cause. *See Reichle v. Howards*, 566 U.S. 658, 132 S. Ct. 2088, 2094 (2012) ("[A] plaintiff cannot state a claim of retaliatory prosecution in violation of the First Amendment if the charges were supported by probable cause."). The same is true with respect to the disciplinary action that was taken against Phillips. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) ("[I]f the discipline which the prisoner claims to have been retaliatory was in fact imposed for an actual violation of prisoner rules or regulations, then the prisoner's claim that the discipline was retaliatory in nature must fail." (quoting *Goff v. Burton,* 7 F.3d 734, 738 (8th Cir. 1993))).

Phillips' allegations that several Defendants acted to prevent Bradley, Reeves, and Chavez from being disciplined or prosecuted does not state an actionable § 1983 claim. His status as an alleged victim does not confer standing or entitle Phillips to any relief. *See Bauermeister v. Kor Xiong*, No. 8:11CV111, 2011 WL 2530898, at *1 (D. Neb. June 24, 2011) ("A private plaintiff cannot force a criminal prosecution because the authority to initiate a criminal complaint rests exclusively with state and federal prosecutors." (internal quotation marks and citations omitted)), *aff'd*, 440 F. App'x 521 (8th Cir. 2011); *Gould v. North Dakota*, No. 4:14-CV-018, 2014 WL 1406437, at *4 (D.N.D. Apr. 10, 2014) ("[I]t is well-settled that private citizens have no constitutional or other right to right to a criminal investigation." (citing cases)); *Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (holding assault victim lacked standing to bring § 1983 suit for alleged failure to prosecute).

Thus, while Phillips speculates that he was transferred to the Tecumseh prison in order to prevent him from providing evidence against Bradley, the transfer did not deprive him of a constitutional right. Phillips additionally alleges that his medication

was tampered with by Defendant Brad Hanson, but the grievance forms indicate Phillips continued to receive his prescribed medication at Tecumseh, only in a different form—the pills were crushed and dissolved in liquid by medical staff pursuant to the prison's policy. This alleged injustice does not constitute an Eighth Amendment violation. *See [Jolly v. Knudsen,](...) 205 F.3d 1094, 1096 (8th Cir. 2000)* ("[M]ere disagreement with treatment decisions does not rise to the level of constitutional violation.") (quoting *[Estate of Rosenberg v. Crandell,](...) 56 F.3d 35, 37 (8th Cir. 1995)*).

## IV. CONCLUSION

The Amended Complaint fails to state a claim upon which relief can be granted and is frivolous. The court will not provide Phillips a further opportunity to amend because it has concluded that to do so would be futile.

IT IS THEREFORE ORDERED:

1. Plaintiff's action is dismissed without prejudice.

2. Judgment will be entered by separate document.

DATED this 8th day of June, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge